IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BURKE,

        Plaintiff,                          No. 2:12-cv-02641-KJM-GGH

        vs.

USF REDDAWAY, INC., et al.,

        Defendants.                   ORDER

_____/

        This case is before the court on defendant USF Reddaway's motion to transfer venue. (ECF 8.) The motion was decided without a hearing. For the reasons outlined below, defendant's motion is GRANTED.

I.       ALLEGED FACTS AND PROCEDURAL HISTORY

        Defendant's semi-truck allegedly struck plaintiff, a pedestrian, at approximately 9:00 p.m. on August 5, 2011 in Sparks, Nevada, a suburb of Reno. (Compl. ¶ 10, Ex. A, ECF 1 ("Compl.").) Plaintiff alleges the truck and its two trailers were registered in Oregon and owned and operated by defendant. (*Id.*) Plaintiff alleges the truck's driver was employed by defendant. (*Id.* ¶ 11.) According to the police accident report, the truck driver saw a flash out of the corner of his eye, and before he could stop the truck it struck plaintiff. (Sparks Police Dep't Accident Report at 20, Ex. A, ECF 8-1.) Officers from the Sparks Police, firefighters from the Sparks

1

Fire Department, and paramedics from the Reno-based Regional Emergency Medical Services Authority arrived at the scene after a witness dialed 911. (*Id.*) The paramedics immediately transported plaintiff to the Renown Regional Medical Center in Reno. (*Id.* at 21.)

Plaintiff alleges his legal residency is now in Sacramento, California. (Compl. ¶ 1.) As a result of the accident, plaintiff is unable to provide for his own personal needs (Devia Decl. ¶ 2, Ex. 3, ECF 10-4), and is eligible for California disabled benefits (Ex. 6, ECF 10-7).

Plaintiff initially filed suit on a single claim of negligence on August 2, 2012 in California Superior Court, County of Sacramento. (Compl.) Defendant removed the action to this court on October 25, 2012. (Def.'s Notice of Removal, ECF 1.) On November 1, 2012, defendant filed the current motion to transfer venue, seeking transfer to the U.S. District Court in Reno, Nevada, because a majority of the events related to plaintiff's action occurred there and because a majority of the witnesses to the accident reside there, outside of the subpoena power of this district. (Def.'s Mem. Mot. Transfer, ECF 8.) Plaintiff timely filed an opposition on November 30, urging this court not to disrupt plaintiff's choice of forum in large part because travel to Reno would be physically difficult given plaintiff's disabilities, and financially difficult for plaintiff and his guardian ad litem. (Pl.'s Opp'n, ECF 10.) Defendant timely filed a reply on December 7. (Def.'s Reply, ECF 12.)

II.     STANDARD

When the district court finds that venue is proper, it is still within its discretion, "[f]or the convenience of the parties and witnesses, [and] in the interest of justice," to transfer an "action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the

witnesses; and (3) interests of justice." *Safarian v. Maserati North America, Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (citations omitted). "Once the court determines that venue is proper, the movant must present strong grounds for transferring the action . . . ." *Id.* (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). "[A] motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may be properly litigated. It relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience to the parties." *Injen Tech. Co. v. Advanced Engine Mgmt.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003) (citations omitted).

In determining whether transfer is proper, the court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal*, 805 F.2d at 843 (citations omitted). The moving party must make a strong showing of inconvenience to upset the plaintiff's choice of forum. *Id.* According to the Ninth Circuit, relevant factors determining whether transfer is appropriate may include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000) (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The court attaches a "strong presumption in favor of plaintiff's choice of forum." *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981). Therefore, a defendant must be able to make a strong showing of inconvenience to upset a plaintiff's choice. *Id.* at 241.

/////

/////

III.   ANALYSIS

Initially, the court finds, as it must, that this action "might have been brought" in the District of Nevada because the accident giving rise to plaintiff's claim occurred in that district. 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); 28 U.S.C. § 1391(b)(2). Indeed, plaintiff does not dispute that this action could have been brought in the District of Nevada. Therefore, venue would be proper in the District of Nevada.

To determine whether transfer is appropriate, the court next considers the convenience of the parties, the convenience of the witnesses, and the interests of justice, examining relevant *Jones* factors.

    A.    Convenience of the Parties

The court considers the convenience of the parties with respect to the following relevant *Jones* factors: plaintiff's choice of forum, the parties' contacts with the forum, and the contacts relating to plaintiff's claims in the chosen forum.

        1.    Plaintiff's Choice of Forum

As noted, plaintiff initially filed suit in California Superior Court, County of Sacramento. (Compl.) Defendant removed the action to this court. (ECF 1.) Therefore, plaintiff chose to litigate this case within the boundaries of this district. Plaintiff maintains a strong preference for litigating in this district. (ECF 10 at 2-4.)

Plaintiff buttresses this district as the most convenient forum by asserting that his physical and cognitive injuries, as well as his financial difficulties and those of his daughter, who is his guardian at litem, would make travel to Reno difficult. (*Id.* at 4.) A party's medical condition, and potential danger to health posed by travel, are relevant considerations when analyzing a transfer motion. *Cal. Writer's Club v. Sonders*, No. C-11-02566 JCS, 2011 WL 4595020, at *12 (N.D. Cal. Oct. 3, 2011) (quotations and citation omitted). A party's financial situation is relevant but not entitled to great weight. *Id.* at *13.

/////

1    Defendant argues that plaintiff has not alleged he is unable to travel to Reno, and
2 that plaintiff's assertion that travel is difficult is unsupported by a declaration, even his own.
3 (ECF 12 at 3.) Such lack of proof, defendant asserts, results in California courts giving little
4 weight to a party's asserted injury. (*Id.* (citing numerous cases, including *Cal. Writer's Club*,
5 2011 WL 4595020, at *12.) Defendant also argues California courts hold assertions of financial
6 distress to a high standard of proof and persuasion for the purposes of analyzing a transfer
7 motion. (*Id.* (citing numerous cases, including *Cal. Writer's Club*, 2011 WL 3595020, at *13).)
8    In *California Writer's Club*, the court examined two cases in which a party
9 argued for or against transfer based upon alleged medical difficulties. 2011 WL 4595020, at *12.
10 In *Nature Path, Inc. v. Howell*, No. CV–09–230–E–BLW, 2009 WL 4782099, at *10-11 (D.
11 Idaho Dec. 8, 2009), the defendant argued that transfer of venue was inappropriate because she
12 was suffering from advanced-stage breast cancer. She submitted a letter from her doctor stating
13 she was unable to work or travel without severe consequences. *Id.* at *15. The court noted,
14 among other things, that a letter was not an admissible form of evidence. *Id.* at *16-17. In *Xcel
15 Data Systems, Inc. v. Best*, No. 1:08-CV-00613-OWW-GSA, 2009 WL 943780, at *13-15 (E.D.
16 Cal. Apr. 7, 2009), the court similarly held that a doctor's note was insufficient to establish a
17 party's convenience argument when deciding a motion to transfer.
18    In this case, plaintiff has submitted a Nevada doctor's sworn declaration in
19 support of appointment of a guardian ad litem for plaintiff. However, this declaration states only
20 that plaintiff is medically unable to support himself or manage his own finances. (Devia Decl.)
21 The court accepts this declaration as evidence that plaintiff is severely injured, but draws no
22 further conclusion about plaintiff's condition or the burden or health risk that traveling to Reno
23 would pose. Therefore, only plaintiff's naked assertion in his opposition brief supports his
24 argument that his injuries would make it difficult to travel.
25    Plaintiff's only evidence of financial difficulty is a copy of plaintiff's California
26 Benefits Identification Card. (Ex. 6, ECF 10-7.) Defendant contends, citing to the California

5

Department of Health Care Services Medi-Cal benefits website,[1] that a disabled person is entitled to this card without evidence of limited financial means. (ECF 12 at 3 n.1.) On this record, the court is unable to accept a copy of such a card as demonstrating plaintiff's financial difficulties.

Because plaintiff has not established his medical and financial inconvenience, plaintiff's choice of forum receives no greater weight than that afforded by the general strong presumption in favor of every plaintiff's choice. On balance, though, this factor weighs against transfer.

      2.  Parties' Contacts With the Forum

Since his release from the hospital after the accident on August 5, 2011, plaintiff avers he has continuously resided within this district, either with his daughter or in healthcare facilities. (ECF 10 at 2-3.) Plaintiff asserts generally that a majority of his treating physicians reside in the Sacramento area and that he requires ongoing medical treatment from these physicians. (*Id.* at 2.) Plaintiff does not provide the names of any treating physicians, nor does he provide other proof that most of his doctors reside in the Sacramento area. Plaintiff's only medical declaration, signed on April 5, 2012, is signed by the doctor licensed and practicing in Nevada. (Devia Decl.)

Defendant is an Oregon corporation with its principal place of business in Oregon. (ECF 8 at 5.)[2] Plaintiff avers defendant has nationwide operations, including fourteen

---

[1] The court may take notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2).

[2] Plaintiff provides a copy of defendant's Business Entity Detail information from the California Secretary of State's website, which lists defendant as an Oregon corporation with addresses in Kansas and Missouri and with an agent for service of process in Los Angeles, California. (Ex. 2, ECF 10-3.) The court also takes judicial notice of this website. FED. R. EVID. 201(b)(2).

"service centers" in California. (ECF 10 at 2 (citing Ex. 4, ECF 10-5).)[3] Plaintiff notes that three of these centers are in this District. (*Id.*)  Thus, both parties appear to have not insignificant contacts with this District. This factor weighs against transfer.[4]

          3.      Contacts With the Forum Relating to Plaintiff's Claims

It is undisputed plaintiff was injured by defendant's truck in Sparks, Nevada, a suburb of Reno. (ECF 8 at 1; ECF 10 at 2.) Plaintiff's sole claim, negligence, hinges on plaintiff's ability to demonstrate that he was owed a duty that defendant breached. It is undisputed that all witnesses who can speak to defendant's liability reside in the Reno area: an eyewitness to the incident, all first responders, and all who provided plaintiff medical care for an unknown period of time after the incident. (Sparks Police Dep't Accident Report, Ex. A, ECF 8-1.) The only contact with this district relating to plaintiff's claims would be by virtue of plaintiff's medical treatment in Sacramento; again, that treatment is not established.

This factor weighs in favor of transfer, as "the deference given to plaintiff's choice of forum is slight, if any, when . . . the plaintiff's chosen forum lacks a significant connection to the events that gave rise to the complaint." *Morris v. Safeco Ins. Co.*, No. C 07–2890 PJH, 2008 WL 5273719, at *4 (N.D. Cal. Dec. 19, 2008).

While the convenience of the parties overall weighs against transfer, it does so only slightly. *Western Oilfields Supply Co. v. Goodwin,* No. C1:07CV-1863 AWI DLB, 2009 WL 161068, at *3 (E.D. Cal. Jan. 22, 2009).

/////

/////

---

[3] In support of its assertion, plaintiff attaches copies of pages from defendant's website that show the number and location of service centers in California and Nevada. The court also takes judicial notice of these maps. FED. R. EVID. 201(b)(2).

[4] While plaintiff also notes that defendant has counsel in Sacramento (ECF 10 at 2, 5), counsel's location is not afforded weight in the court's analysis. *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996).

7

B. Convenience of the Witnesses

To demonstrate inconvenience to witnesses, the moving party should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action. *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996); *Florens Container v. Cho Yang Shipping,* 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002). It is axiomatic that convenience of nonparty witnesses is frequently the most important factor in the section 1404(a) calculus. *Tolentino v. Mossman*, No. 2:07-CV-1243-GEB-DAD, 2008 WL 1787752, at *1 (E.D. Cal. Apr. 18, 2008); *see also* 15 FED. PRAC. & PROC. JURIS. § 3851 (3d ed. 2011) ("Often cited as the most important factor on a motion to transfer under Section 1404(a) of Title 28 of the United States code, and the one most frequently mentioned by the courts, as the plethora of illustrative cases [] demonstrate, is the convenience of witnesses, most particularly nonparty witnesses who are important to the resolution of the case.").

As noted above, it is undisputed that all nonparty witnesses to plaintiff's accident and its aftermath are located in the Reno, Nevada area, except for plaintiff himself. The Sparks Police Department accident reports detail the department's investigation of the incident and the contact information of twenty-two potential witnesses. (Ex. A, ECF 8-1.) Defendant expects as many as a dozen of these witnesses to testify. (ECF 8 at 6.) Defendant has met its burden of production by identifying these potential witnesses, providing their addresses, and describing their importance to the case and what they would testify about. *See Steelcase, Inc.*, 41 U.S.P.Q.2d at 1470.

A court should consider "not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case." *Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009) (quoting *Steelcase*, 41 U.S.P.Q.2d at 1470). Here, these twenty-two witnesses identified by defendant are the only witnesses either party has identified on the question of

8

defendant's legal liability. It is possible, although not established, that some of plaintiff's treating Sacramento physicians would testify to the extent of his injuries. However, the only doctor plaintiff has identified by declaration practices in Reno, Nevada. (Devia Decl.)

Given the quality and importance of the witnesses in Nevada, a transfer to Nevada will make the pertinent witnesses to the accident more readily available. Plaintiff's residency in this district militates against transfer, but as a party witness, his convenience is outweighed by the dozen or more non-party witnesses, all of whom reside in the Reno area. *See Saleh*, 361 F. Supp. 2d at 1160.

Because the convenience of non-party witnesses is often the most important factor in a transfer analysis, *Tolentino*, 2008 WL 1787752, at *1, and because this factor is more important than the convenience of the parties, *Saleh* 361 F. Supp. 2d at 1160, this factor weighs heavily in favor of transfer. *See Morris v. Safeco Ins. Co.*, No. C 07–2890 PJH, 2008 WL 5273719, at *4 (N.D. Cal. Dec. 19, 2008) ("[T]he deference given to plaintiff's choice of forum is slight, if any, when . . . the plaintiff's chosen forum lacks a significant connection to the events that gave rise to the complaint.").

C.    Interests of Justice

The remaining *Jones* factors are availability of compulsory process, ease of access to evidence, the state that is most familiar with the governing law, and the differences in the costs of litigation in the two forums. *Jones*, 211 F.3d at 498-99.

1.    Availability of Compulsory Process

Compulsory process is available outside of a district only within 100 miles of the place the trial will be held. FED. R. CIV. P. 45(b)(2)(B). The court takes judicial notice that Sparks, Nevada, where most identified witnesses are located, is more than 100 miles "as the crow flies" from the federal courthouse in downtown Sacramento. *See* FED. R. EVID. 201(b)(2) (permitting courts to take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Defendant has demonstrated

that witnesses employed by the Sparks Police Department and the Renown Regional Medical Center, where plaintiff was taken after the accident, would be unavailable to testify if this case were heard in this District, because they would not testify unless compelled by subpoena. (Adams Decl.)  Accordingly, this factor weighs strongly in favor of transfer.

### 2. Ease of Access to Evidence

Apart from witness testimony, the only other evidence the parties identify is the accident scene, which would be impossible to visit, if the court allowed, if the case were heard in this district.  (ECF 8 at 10.)  As defendant admits such a visit is only a possibility (*id.*), this factor only slightly favors transfer.

### 3. The State Most Familiar with Governing Law

Defendant avers Nevada law will apply to this suit.  (ECF 8 at 11.)  However, California abandoned *lex loci delicti* years ago, and California choice of law rules, which this court sitting in diversity must apply, do not answer the question so clearly.  *See, e.g.*, *Columbia Cas. Co. v. Gordon Trucking, Inc.*, 758 F. Supp. 2d 909, 914-23 (N.D. Cal. 2010) (describing and implementing California choice of law analysis).  For example, in a case arising from a traffic accident in Oklahoma involving a New Jersey corporation and California residents, the Central District of California applied Oklahoma's traffic laws, but California's laws on joint and several liability, comparative negligence, recovery and standing to sue for wrongful death. *Camp v. Forwarders Transp., Inc.*, 537 F. Supp. 636, 642 (C.D. Cal. 1982).

The court finds it unnecessary to conduct a searching choice of law analysis to decide this transfer motion, because the court finds this factor, however decided, to be of minimal weight: if necessary, either forum is capable of applying the law of the other forum's state, even if one forum may be more familiar with the governing law than the other.  *Cf. Cohen v. State Farm & Cas. Co.*, No. C1:09-CV-1051 AWI DL, 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14, 2009) (transferring a case to Nevada from the Eastern District of California although there were likely claims under both states' laws).

1  Assuming for argument's sake that at least some aspects of plaintiff's claim or the remedies sought would be decided under California law, even if this case is transferred to Nevada, the court there is equally capable of determining and applying the appropriate state law. This factor is neutral.

### 4. Difference in the Costs of Litigation

Neither party has provided actual evidence regarding litigation costs or its relative economic means. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) ("while the parties' relative financial ability is not entitled to great weight, it is a relevant consideration") (internal quotation marks and citation omitted). As noted, a majority of witnesses are located in Nevada. The cost of those witnesses appearing in this district, assuming they appeared voluntarily, would be higher than if they appeared in Reno.

On the record before the court, this factor weighs slightly in favor of transfer.

## IV. CONCLUSION

While the convenience of the parties weighs against transfer due to the general strong presumption in favor of a plaintiff's choice of forum, the remaining factors, including the convenience of non-party witnesses, weigh more heavily in favor of transfer. Therefore, defendant's motion to transfer venue is GRANTED.

DATED: January 7, 2013.

_____
UNITED STATES DISTRICT JUDGE