# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES BURKE, an individual, by and through his Guardian Ad Litem; ALYSSA BURKE, an individual,  Plaintiff,  vs.  USF REDDAWAY, INC., a corporation,  Defendant. | 3:13-cv-00017-LRH-WGC  **ORDER** |

On December 11, 2013, Defendant filed a Motion to Quash three subpoenas served by Plaintiff on medical providers seeking vision records of Steve Kytle, the non-party driver of the truck involved in the accident that is the subject of this litigation. (Doc. # 49 (motion) and Doc. # 50 (memorandum of law in support).) Defendant argues that the medical information sought by Plaintiff is protected by Nevada's physician-patient privilege, and while it does not characterize the argument as such, Defendant is at least implicitly arguing that the records are not relevant (and therefore not discoverable) in light of testimony given by Mr. Kytle. In addition, Defendant argues the subpoena served on Dr. Mannis requires compliance beyond the geographical limitations contained in Federal Rule of Civil Procedure 45(c).

This motion was not filed as an emergency motion under Local Rule 7-5. Moreover, neither the motion nor the memorandum of points and authorities filed in support reference any compliance deadline for the production of documents responsive to the subpoena. While Defendant submitted over sixty pages of exhibits with the motion (including the incident reports and various other medical

records related to Mr. Kytle's fitness to drive commercially), and the subpoena is attached following forty-nine other pages of exhibits (Doc. # 50-5), their memorandum of law made no mention of the compliance deadline. Nor did Defendant include a request for an order shortening time on the standard briefing schedule for motions set forth in Local Rule 7-2, or otherwise request an expedited briefing schedule or hearing. No proposed order was submitted seeking such relief. In sum, Defendant failed to apprise the court there was a sense of urgency related to the disposition of this motion. Therefore, the motion was to proceed along the normal briefing schedule outlined in Local Rule 7-2, and the court would determine, in its discretion, whether a hearing was warranted pursuant to Local Rule 78-2.

Apparently realizing this omission, on December 18, 2013, Defendant filed an Emergency Motion to Quash and Affidavit of Austin Oyler. (Doc. # 52.) Defendant incorporates its motion to quash and points and authorities, but now requests that the motion be heard as an emergency motion pursuant to Local Rules 7-5(d) and 26-7 because the subpoena compliance date is December 18, 2013. Defendant also mentions the rapidly approaching discovery deadlines including the January 8, 2014 rebuttal expert disclosure deadline and discovery deadline of February 7, 2014.

Plaintiff has now filed a response to Defendant's request that the motion to quash be heard as an emergency motion. (Doc. # 53.) In essence, Plaintiff argues that it should be permitted to file a substantive response to the motion to quash and the request to characterize Defendant's motion as an emergency prevents him from doing so. Importantly, Plaintiff represents that "no records were produced on January 18, 2013, pursuant to the subpoenas at issue, the subpoenaed treater entities are on notice of USF's Motion to Quash (Docket No. 52, pp. 8-25), and if any records are produced Plaintiff will hold them without review pending the Court's ruling." (Doc. # 53 n. 1.)

Defendant is undoubtedly now aware that with a subpoena compliance date of December 18, 2013, it should have originally filed its motion to quash as an emergency motion pursuant to Local Rule 7-5. Defendant is also undoubtedly aware that it should not have waited until the day of the subpoena compliance deadline to seek emergent relief from the court.

That being said, in light of Plaintiff's representation that the records have not been produced and that the medical providers are awaiting a ruling on Defendant's motion to quash, at least one of the two proffered reasons for filing the motion to quash as an emergency motion no longer exists. The

2

second reason for treating the motion as an emergency is the rapidly approaching discovery deadlines. Since the records will not be produced until the court issues an order on the motion to quash, an expedited briefing schedule and hearing are not necessary. Accordingly, a hearing will be scheduled after briefing is completed, when the court's and parties' schedules will permit. If the court needs to adjust the discovery deadlines as a result of its determination on the motion to quash, it will address that topic at the hearing on the motion to quash. In the interim, compliance with the subpoenas at issue is **STAYED** pending further order of the court.

**IT IS SO ORDERED.**

**DATED: December 19, 2013.**

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**