UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES and ALYSSA BURKE, | ) | 3:13-cv-00017-LRH-WGC |
| Plaintiffs, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | January 14, 2014 |
| USF REDDAWAY, INC., | ) | |
| Defendant. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER:   <u>            FTR            </u>

COUNSEL FOR PLAINTIFF(S):  <u>Douglas Rochen                                 </u>

COUNSEL FOR DEFENDANT(S):  <u>Austin Oyler (Telephonically) and Jacey Prupas</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

1:32 p.m. Court convenes.

**I.    Preliminary Matters**

(A.)  The parties are advised certain documents submitted in this matter contain personal identifies which are prohibited by Special Order 109. Counsel for plaintiff and defendant are to contact the courtroom administrator via email no later than the close of business January 15, 2014, and identify the docket number(s) and page number(s) in which documents contain personal identifiers.  The court will then attempt to redact the documents to comply with Special Order 109.

(B.)  The record is clarified by Defendant's counsel Austin Oyler that, although Steve Kytle is not a named defendant in this matter, Mr. Oyler does represent him and Mr. Kytle joins in defendant's Motion to Quash (Doc. # 49 and # 60 ) the subpoenas seeking his medical records.

**II.   Defendant's Motion to Quash (Doc. ## 49 and 60)**

The court and parties address Defendant's two motion to quash requests (Doc. # 49 and

MINUTES OF PROCEEDINGS
3:13-cv-00017-LRH-WGC
Date: January 14, 2014
Page 2

60[1]).  After hearing argument the court rules as follows:

Defendant's Motion to Quash Subpoena Served on Dr. Jeffrey Sanders (Doc. # 60) is **GRANTED**.  The court believes the records in which plaintiff is seeking by serving a subpoena on Jeffery Sanders, M.D. are beyond the scope and boundaries of relevance in this matter.  The court notes that, even if it were to entertain a review of the Dr. Sanders records *in camera*, the outcome of that review would more than likely be similar to the court's current position regarding relevance. To the extent plaintiff objects to defendant's motion to quash based on untimeliness, the court exercises it discretion in finding it appropriate to quash the subpoena served on Dr. Sanders.

Defendant's Motion to Quash (Doc. # 49) is **GRANTED in part** and **DENIED in part**.

To the extent plaintiff issued subpoenas to Lenscrafters and Dr. Mark Mannis, these subpoenas are hereby quashed and defendant's motion to quash is granted.

To the extent Plaintiff is seeking information relating to any treatment Mr. Kytle had concerning eye care, this information shall be produced and defendant's motion to quash is denied.  However, the medical records produced by Dr. Vazeen shall be submitted for an *in camera* review by the court.  Defense counsel shall secure a medical authorization from Mr. Kytle and secure the records from Dr. Mehdi Vazeen.  A complete record shall be produced to the court.  Defense counsel shall bates stamp the records prior to hand delivering them in a sealed envelope to chambers.  Defense counsel are instructed to file a notice with the court once they have produced the documents for the *in camera* inspection.

 The court will determine what documents are appropriate to produce to plaintiff and whether redaction(s) are necessary.  If the court finds it necessary to schedule a hearing regarding the records, the court will schedule a date and time that is convenient for all parties.  The court notes, depending on the outcome of the *in camera* review of the records, the discovery deadlines (Doc. # 40) may need to be revised; which again, the court will address at a later time if necessary.

2:52 p.m.  Court adjourns.

**IT IS SO ORDERED.**

---

[1]For purposes of this hearing, the court refers to both defendant's Motion to Quash (Doc. # 49) and Emergency Motion to Quash (Doc. # 52) collectively.  The ruling as to Motion to Quash (Doc. # 49) is synonymous to the Emergency Motion to Quash (Doc. # 52).

**MINUTES OF PROCEEDINGS**
3:13-cv-00017-LRH-WGC
Date: January 14, 2014
Page 3

                                        LANCE S. WILSON, CLERK

                                        By: _____/s/_____
                                           Katie Lynn Ogden, Deputy Clerk